## READ vs. NEVITT.

*(1–3)* CONTRACT CONSTRUED. *When one member of a firm, on a dissolution, may be said to "continue the business," and the other to "retire from it." (4)* EVIDENCE *in such a case.*

1. N., being engaged in an insurance and real-estate business, sold one-half his interest therein to R., and they entered into a written contract to carry on the business as partners, with a stipulation that in case of a dissolution, "the party continuing the business" should pay "the retiring party" a certain sum. After the firm had carried on the business some years, the partnership was dissolved in consequence of a disagreement. At that time the real-estate business of the firm had become small, but they were agents for seven insurance companies. Several days before the dissolution, N., without the knowledge of R., wrote to each of said companies that he could no longer continue the partnership, and soliciting for himself the agency of such company; and he was made agent for five of them, one of the others ceasing to take new risks, and the other transferring its agency to a third person. N. took from the late office of the firm all the books of the companies which had made him their agent, and of the one which had ceased to do new business, and thereafter transacted their business as the firm had formerly done, doing also some land business for a customer of the late firm; while R. transacted no insurance or real-estate business after the dissolution. It does not appear that R. was ever solicited to aid N. in procuring the agencies of the companies previously represented by the firm, nor that he ever objected to such transfer. *Held,* that evidence of these facts would sustain a finding of the jury that R. had retired from the firm; that N. had substantially continued the business of the firm; and that R. was entitled to recover of N. the sum named in the contract.

2. It was not essential to R.'s right of action that he should show any *agreement* or *understanding* between himself and N. that the former should retire from the business of the firm, and the latter continue it.

3. If R. had thrown obstacles in the way of N. procuring the agencies above mentioned, or had been asked, and had refused, to aid in procuring them, *quære*, whether his right of recovery would not have been affected by such conduct on his part.

4. There was no error in admitting in evidence for R., N.'s letters written before the dissolution to the several insurance companies, asking to be made their agent; such letters, together with the action of the companies thereon, having a tendency to prove that N. continued the business of the firm.

APPEAL from the Circuit Court for *Winnebago* County.

In December, 1870, the defendant was engaged in the insurance and real-estate business in the city of Oshkosh, and at that time sold a one-half interest in the business to the plaintiff for $700. The parties thereupon entered into a written contract to carry on the business as partners. Such contract contains the following clause: "In case of dissolution of such partnership business, the party continuing the business to pay to the retiring party seven hundred dollars." There is a condition in the contract providing that in a certain contingency the retiring partner might be entitled to a greater sum than seven hundred dollars; but that condition is of no importance in this action. No term of duration of the copartnership is fixed in the contract.

The action is based upon the clause in the partnership agreement above quoted; and it is alleged in the complaint, among other things, that the copartnership was dissolved August 6, 1875, upon the demand and request of the defendant, and that the plaintiff retired, and the defendant continued such business. The complaint also contains many other allegations of fact, which, if true, might tend to show that the plaintiff was the retiring partner, and that the business of the late firm was continued by the defendant. Judgment is demanded for $700, and interest from the date of such dissolution.

The answer avers that the parties quarreled on the 5th of August, 1875, and dissolved the copartnership on the next day by mutual consent; that the partnership matters and deal-

ings have never been adjusted, but upon a fair settlement thereof a balance will be found due the defendant; that immediately after such dissolution the defendant applied to each of the insurance companies whose agents the firm had been, for the agency of such companies in Oshkosh, and obtained the agency of all but two of them; that he procured such agencies for the purpose of establishing a new business, and has not continued the business of the firm; and that since the dissolution of the firm the plaintiff has remained in the exclusive possession of the office theretofore occupied by it, and has retained the possession of the books and papers of the firm. The answer admits a demand by the plaintiff that the defendant pay him $700, and a refusal by the latter to do so, before this action was brought.

The only questions determined by this court relate to the charge given to the jury; and as the charge contains a sufficient statement of the evidence, it is here inserted at length:

"This action is brought upon a contract which is entirely independent of the partnership, and not affected by the partnership dealings. It was stipulated when these parties went into partnership, in 1870, that in case of a dissolution of the partnership the party continuing the business should pay the retiring party, if there is such an one, the sum of $700. The business, there, means the insurance and real estate business. The plaintiff claims that the defendant continued that business. He claims that he is the retiring party from that business. The question, upon all the evidence in the case, is submitted to you, whether that claim of the plaintiff is true or not.

"The defendant claims that he has not continued the business; that he built up and started an entirely new business, wholly unconnected with the business that Nevitt & Read had been doing. It is for you to determine whether that is true or not.

"It seems that, sometime in the summer, unpleasant feel-

ings arose between the parties, and that there was some con-
versation about dissolving the partnership.   It seems that a
proposition was made, which was not accepted by *Mr. Read.*
It seems that on the 3d day of August, *Mr. Nevitt* applied to
the insurance companies that had employed them as their
agents theretofore, for a commission for him alone, informing
the insurance companies that the partnership was dissolved.
It appears that there was no pretense of an actual dissolution
of the partnership until the 5th of August.   On the 6th, no-
tice was given, by *Mr. Nevitt,* in the paper, which comes to
the knowledge of *Mr. Read* on the 6th.   So he says.

"It appears that *Mr. Nevitt* obtained a transfer of the
agency from the firm of Nevitt & Read to himself of these
companies which Nevitt & Read had formerly had, with the
exception of one, and the Phœnix, which retired from any
new business; and that since that time *Mr. Nevitt* has car-
ried on the business of insurance agent.   He says he has
done but little, if any, real-estate business.   The only business
he has done, the only business he has held himself out to do,
was the collection of some rents.   Now, as to whether he has
continued the business that I have spoken of: he has contin-
ued the business, provided he has done it substantially.   A
technical, immaterial change would not affect the substantial
rights of these parties.   As an illustration, suppose the busi-
ness had been the grocery trade, and *Mr. Nevitt* had contin-
ued the grocery business, with the exception that he had de-
clined to sell some one single article: it would still substan-
tially be the same business.

"Now, the question for you to determine is:   Has *Mr.
Nevitt* continued the business of insurance and real-estate
agency substantially as it existed at the time of the dissolution
of that firm?   If he has, and *Mr. Read* is the retiring party,
then *Mr. Read* is entitled to recover the $700.   If he has
not, but if he has substantially built up another and a new
and a different business, disconnected entirely from the busi-

ness of the partnership, then the plaintiff is not entitled to recover."

The judge also gave the following instructions, asked on behalf of the defendant:

" If the jury find from the evidence that the defendant did not continue the business of insurance and real-estate agency, substantially as it existed at the time of the dissolution of the partnership, they must find for the defendant."

" If the jury find that the defendant, after the dissolution of the partnership, did not continue the business of insurance and real-estate agency, as it substantially existed at the time of the dissolution, but commenced a new business, and substantially, by his own efforts, built up a new business, then they must find for the defendant."

" The business mentioned in the contract means, the business of insurance and real-estate agency as it existed at the time of the dissolution of the firm."

Several instructions were asked by the defendant and refused, all of which were based upon the proposition that unless there was an agreement or understanding between the parties that the plaintiff should retire from the firm and the defendant should continue the business, there could be no recovery in the action.

The jury found for the plaintiff, and assessed his damages at the full amount of his claim, including interest from the commencement of the action. A new trial was denied, and judgment rendered pursuant to the verdict; and the defendant appealed.

Briefs were filed, by *Felker & Weisbrod* for the appellant, and by *Gabe Bouck* for the respondent; and the case was argued orally by *Mr. Felker* and *Mr. Bouck*.

Lyon, J. The fact that the partnership affairs have never been adjusted, even though an adjustment thereof would show a balance due the defendant from the plaintiff, is no impedi-

ment to the maintenance of this action. The agreement is for the payment, in a certain contingency, of a specific sum of money by one party to the other in case of a dissolution of the partnership. The party who becomes liable under the contract to pay such money, is the debtor of the other party; and the latter may maintain an action against him therefor, without regard to the partnership relations formerly existing between them or the state of their partnership accounts. *Sprout v. Crowley*, 30 Wis., 187, and cases cited.

It is conceded that the partnership was dissolved before this action was commenced. Hence, under the contract, but two conditions are essential to the plaintiff's right to recover. 1. The plaintiff must be the retiring party; by which we understand that he must have ceased to carry on the business in which the firm had been theretofore engaged; and 2. The defendant must have continued such business.

The firm was engaged in an insurance business as the agent in Oshkosh of several insurance companies, and in the land-agency business. The testimony tends to show that the land-agency business of the firm at the time of the dissolution was comparatively small, its principal business being that of insurance. On the 3d of August — three days before the dissolution, — the defendant wrote a letter to each company represented by the firm, to the effect that he could not longer continue in copartnership with the plaintiff, and soliciting the agency of each such company. There were seven of these companies, and the agency of five of them was promptly conferred upon him. One, the Phœnix of Hartford, ceased to take new risks in Oshkosh; and the remaining company transferred its business to another agent. The defendant took from the late office of the firm the books of the various companies which had made him their agent, and also of the Phœnix company, and thereafter transacted the business of such companies as the firm had formerly done. He also did some land-agency business after the dissolution, for a customer of the late firm.

Read vs. Nevitt.

The plaintiff has transacted no insurance or real-estate business (so far as it appears) since the dissolution. It does not appear that he was ever solicited to aid the defendant in procuring the agencies of the companies represented by the late firm, or that he has interposed any obstacle to the transfer thereof to the defendant, or made any objection thereto.

In view of these facts we think it cannot be successfully denied that the plaintiff is the party who, on the dissolution, retired from the business of the firm, and that the defendant continued such business.

It is true that the defendant's business after dissolution was not precisely the same as the firm business, but the change was no greater than was liable to happen had the firm continued. We think the learned circuit judge gave the law correctly when he instructed the jury that a substantial continuing of the firm business by the defendant would fulfill the condition of the contract in that behalf. There is abundant evidence tending to show that the defendant substantially continued such business after the dissolution of the partnership.

We are further of the opinion that an agreement or understanding between the parties that the plaintiff should retire from the business of the firm and the defendant should continue it, is not essential to the plaintiff's right of action. We find no such stipulation in the contract. The money which the continuing party agreed to pay was for the interest of the other party in the firm business, and the defendant has succeeded to that interest. What does it signify, therefore, that the defendant obtained the firm business by his own exertion and influence? However obtained, the defendant has substantially the whole business of the late firm, and for the plaintiff's interest therein the defendant agreed to pay the sum which this action was brought to recover. Had he called upon the plaintiff to aid him in procuring the agencies, and had the plaintiff refused to do so, or had the latter thrown obstacles in the way of the transfer of the agencies to the defendant, there

might be some ground for saying that the defendant had built up a new business, and was not carrying on and continuing the business of the late firm. But nothing of the kind occurred. The defendant succeeded in procuring the transfer to himself of most of the firm business without the aid of the plaintiff, and the latter acquiesced in such transfer without objection. Under such circumstances, we do not perceive how an agreement or understanding between the parties that the firm business should be thus transferred, can be of any importance; and we think that the proposed instructions on that subject were correctly refused.

The defendant assigns as error the admission in evidence of the letters of August 3d, sent by the defendant to the various insurance companies represented by the firm, soliciting the agency of those companies for himself. It seems to us that those letters, considered in connection with the action of the companies in response thereto, tend to prove that the defendant continued the business of the firm, and hence, were properly admitted. The record shows no other ruling on the trial which requires particular notice.

Failing to find any material error disclosed in the record, the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.