SPROUT and another vs. CROWLEY.

COUNTER CLAIM. *Partnership — Pleading.*

1. In an action on a promissory note, the answer avers by way of counter-claim, that the parties entered into an agreement, by the terms of which defendant was to furnish materials for and manufacture a quantity of derricks on joint account and as a joint adventure, and to sell or attempt to sell the same, and that plaintiffs on the one part and defendant on the other should bear equally the expenses and losses, and share equally the profits of such manufacture and sale. The amount expended by defendant in manufacturing said derricks, the expenses incurred by him in attempting to sell them, and the value of his services in and about such sales are then stated, and he claims that plaintiffs are indebted to him in one-half the aggregate of these sums. It is further alleged that plaintiffs are not residents of this state. *Held,*

(1) That as it is not alleged that the contract was made in this state, or defendant's alleged expenses and services incurred or rendered here, this cannot be sustained as a counter-claim under ch. 4, Laws of 1868, relating to actions in which the plaintiffs are non-residents of the state. Whether, therefore, that act is valid, is not decided here.

(2) That the counter-claim cannot be sustained under subd. 1, sec. 11, ch. 125, R. S., because it is not alleged to have arisen out of or been connected with the cause of action.

(3) That it cannot be sustained under subd. 2 of said section 11, unless the facts averred show a *debt* due from plaintiffs to defendant at the commencement of the action.

2. The facts alleged in the answer show a *partnership* between the parties.

3. In the absence of fraud, or an express agreement or other circumstances rendering the case exceptional, one partner has no claim against his co-partner individually, on account of partnership transactions, until a final settlement of the partnership affairs, although such settlement would show a balance in favor of the former; and until such final settlement, the general rule is that the firm and not the individual partner is the debtor.

4. But where there is an *express agreement* by one partner to pay to the other his share of advances made by the latter on account of the partnership business, the amount of such share becomes the debt of the partner so promising, and may be recovered in an action brought directly therefor, without any regard to the partnership relation of the parties or the state of their firm accounts.

5. If in such case an action on contract be brought by the debtor partner, against the other, the debt against the plaintiff, created by *express agreement*, is, if due, the subject matter of a valid counter-claim, and may be pleaded as such.

6. Under the liberal rule of construction required by the code (R. S. Ch. 125, sec. 21,) the answer must be held to aver such an express agreement by the plaintiffs; and therefore it shows a debt due from them to defendant at the commencement of the action, which is a valid counter-claim.

APPEAL from the Circuit Court for *Dane* County.

This action was brought to recover the amount due on a promissory note executed by the defendant to the plaintiffs.

The questions presented by the appeal, arise upon the second counter-claim in the answer, which is in substance that the parties entered into an agreement, by the terms of which the defendant was to furnish material for, and manufacture a quan-

tity of derricks on joint account and as a joint adventure, and to sell, or attempt to sell the same, and that the plaintiffs on the one part and the defendant on the other, should equally bear and share all profits and losses on the same and all expenses incurred in their manufacture and sales. The amount expended by the defendant in the manufacture of the derricks, the expenses incurred by him in his attempts to sell them, and the value of his services in and about the manufacture and sale thereof, are separately stated, and the defendant claims that the plaintiffs are indebted to him in one-half of the aggregate of those sums. The counter claim also alleges that the plaintiffs are residents of the state of Pennsylvania.

To this counter claim the plaintiffs interposed a general demurrer, which was sustained by the circuit court, and from the order sustaining the same the defendant has appealed to this court.

*Vilas & Bryant*, for appellant, argued that plaintiffs having agreed with defendant to bear one-half the expenses incurred by him in the manufacture and sale of derricks, the counter-claim was sustainable simply as a demand that they should comply with their express agreement. In such case, assumpsit would lie at common law, even though it were a general partnership. But here the parties engaged for a single joint adventure only. There are no partnership debts, and no accounts to adjust except simply to determine how much has been paid by the defendant on the joint account, one-half of which they agreed to contribute. The parties are rather joint contractors than partners. *Gale v. Leckie,,* 2 Stark., 107 ; *Venning v. Leckie,* 13 East., 7 ; *Bumpass v. Webb,* 1 Stew., (Ala.) 19 ; *Brown v. Tapscott,* 6 M. & W., 119 ; *Bushnell v. Minot,* 4 J. B. Moore, 340 ; *Townsend v. Goewey,* 19 Wend., 424 ; *Elgie v. Webster,* 5 M. & W., 518. To apply to such a state of facts the strict rule applicable to general partnerships, where the rights of the partners are dependent on the result of the enterprise, would be unjust to the defendant, since

it would deprive him of the benefit of his own fidelity to the business.

*Stevens, Flower & Morris, contra,* contended that the agreement between the parties being in all essentials a copartnership agreement, and there being no allegation that the partnership had terminated and no prayer for its dissolution, defendant was not during its continuance entitled to an accounting, an account being consequent upon a dissolution. Collyer on Partnership, p. 266; 2 Van Santvoord's Eq. Prac., 187, 188. It may, perhaps, be stated as the general rule applicable to counter-claim or set-off, " that the cross demand must be liquidated, founded on judgment or contract, and one for which an action at law will lie." A claim recoverable only by action of account or bill in equity, cannot be set off at law. *Lawrence v. Vilas,* 20 Wis., 390

LYON, J. It is claimed on behalf of the plaintiffs, that the alleged indebtedness of the plaintiffs to the defendant, arises out of partnership transactions, and until an account is stated, and the balance ascertained, the same is not proper subject matter of a counter-claim, and that, therefore, the demurrer to the counter-claim was properly sustained.

It is essential to a valid counter-claim that it exist in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action :

1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. R. S. chap. 125, sec. 11.

3. When the plaintiff is a non-resident of this state, such counter-claim may arise out of any cause of action whatever, existing at the time of the commencement of the action, and

Sprout and another vs. Crowley.

arising within this state; *provided*, that no claim assigned to the defendant shall be pleaded as a counter-claim in any action to which this subdivision is applicable. *Laws* of 1868. *Ch.* 4.

The counter-claim under consideration cannot be sustained under the *first* sub-division of the statute, because it is not alleged that it arose out of, or is connected with, the subject of the action. Neither can it be sustained under the *third* sub-division, because it does not appear that the cause of action stated in it arose within this state. The pleading contains no averment that the contract, which is the basis of such counter-claim, was made, or that the alleged expenses or services were incurred or rendered within this state. For this reason it is unnecessary to consider the question, which was very fully and ably argued by the respective counsel, of the constitutionality of the law of 1868. If, therefore, this is a valid counter-claim, it is such by virtue of the *second* sub-division above mentioned. It cannot be sustained under the latter sub-division unless, at the time the action was commenced, there was a debt due from the plaintiffs to the defendant. Whether this essential element of a valid counter-claim is alleged in the pleading demurred to, is the material question to be considered and determined.

That the contract set out in the answer created a partnership between the parties in respect to the joint adventure, must be conceded. It contains all of the essential elements of a partnership agreement, and it is quite clear that in the absence of fraud, or of an express agreement, or of any other circumstances, which would render a particular case exceptional, the law is, that one partner has no claim against his co-partner, individually, on account of partnership transactions, although a final settlement of the affairs of the firm would show a balance in favor of the former. Until such final settlement, the general rule is that the firm and not the individual partner is the debtor; and in such case it cannot be said correctly that there is a debt due from one partner to the other. *Ives v. Miller*, 19 Barb. S. C., 196, *and cases cited.*

But where there is an express agreement by one partner to repay to the other his share of advances, made by the latter on account of the partnership business, the amount of such share becomes thereby the debt of the partner who has thus agreed to pay the same, which may be recovered in an action brought directly therefor, without any regard to the partnership relation existing between the parties or the state of their firm accounts. This being the case, it follows that if an action on contract be brought by the debtor partner against the other, the debt against the plaintiff, thus created by such express promise, is the subject matter of a valid counter-claim, if due, and may be pleaded as such.

The case of *Ives v. Miller, supra,* recognizes the correctness of this doctrine, and the cases which assert the same doctrine are quite numerous. The following are some of them : *Townsend v. Goewey,* 19 Wend., 424 ; *Bumpass v. Webb,* 1 Stewart (Ala.,) 19 ; *Elgie v. Webster.* 5 M. & W., 518 ; *Coffee v. Bryan,* 10 J. B. Moore, 341 ; *Foster v. Allanson,* 2 Term R., 475 ; *Venning v. Leckie,* 13 East., 7 ; *Collamer v. Foster,* 26 Vt., 754 ; *Williams v. Henshaw,* 11 Pick., 79.

It is substantially averred in the counter-claim demurred to, that there was an express agreement between the parties that the defendant should furnish the materials for, and manufacture the derricks, and sell or attempt to sell the same ; and that the plaintiffs should repay to him one-half of all the expenses which he might incur in and about the manufacture and sale thereof. It is true that this is not the precise language of the pleading, but applying to it the liberal rule of construction required by the code, (R. S., ch. 125, sec. 21,) such must be held to be its meaning and effect.

We are of the opinion that the pleading in question states a valid cause of action arising on contract, and which existed in favor of the defendant and against the plaintiffs at the commencement of the action, and that the same is, therefore, a valid counter-claim, and properly pleaded as such.

The order of the circuit court sustaining the demurrer to such counter-claim must be reversed and the cause remanded with directions to that court to overrule such demurrer.

*By the Court.*— It is so ordered.