## GAUGER VS. PAUTZ.

COPARTNERS: EVIDENCE. *(1) Partner may recover from copartner on express promise on account of partnership business. (2) Evidence of such a promise. (3) Consideration: Statute of frauds.*

1. In case of an express promise by one partner to repay to the other his share of advances made by the latter on account of partnership business, the amount of such share becomes the debt of the promisor, recoverable by direct action therefor, without dissolution of the partnership or adjustment of the partnership accounts.

2. Pending an action against A. for breach of a contract which was in fact the contract of the firm of A. & B., the partners had a settlement of all the partnership dealings except the sum to be paid by B. to A. upon the determination of such action. At the time of the settlement, the firm owned certain lots of land, of which the title was in A.; and A. testifies that B. proposed a division of the lands into two parcels, and the execution of a deed by A. to him of one parcel, to be determined by lot; that A. objected on the ground that said action was not yet settled; that B. asked in reply, "Am I not man enough for that suit?" that a third person interposed the remark that B. was "good enough for that amount," and there was no need of any writing between them in regard to it; and that A. thereupon assented to what was said, and executed a deed of B.'s parcel of the lands. *Held*, that the evidence will sustain a finding that B. promised to repay to A. the former's share of whatever the latter might be compelled to pay in said action, and that A. conveyed the land to B. on faith of such promise.

3. Upon the facts stated, there was a sufficient consideration for the alleged agreement, and it is not within the statute of frauds.

APPEAL from the Circuit Court for *Manitowoc* County.

It is alleged in the complaint that for about four years preceding September, 1874, the parties were general partners, doing business as such at Manitowoc under the firm name of

Gauger & Pautz; that in 1873 an action was brought against the plaintiff by two persons named Greves, to recover damages for the breach of an alleged contract by this plaintiff to do certain excavating for them; that this plaintiff answered in said action alleging the copartnership between himself and *Pautz;* and that it was expressly agreed between them that they "would share equally all the costs and disbursements and damages of the said suit against said *Gauger*, they, the said plaintiff and defendant, being equal partners, and equally interested in the determination of said action." It is further alleged that in September, 1874, plaintiff and defendant had a full settlement of their partnership dealings, and all matters between them were fully settled except the sum to be paid by each in the Greves suit, which suit had not then been determined; that it was then agreed between them that each would pay one-half the amount which plaintiff might be required to pay on account of that suit for damages, costs and expenses; and that the Greves suit has since been determined in favor of the plaintiffs therein, and the judgment therein, with the expenses, amount to a little more than $300, which the present plaintiff has paid. A demand made upon the present defendant to pay this plaintiff one-half the sum so paid, and his refusal to do so, are also alleged; and this action was brought to recover the money thus demanded.

The answer is, 1. A general denial; 2. Want of consideration; 3. That the agreement sued upon is not in writing, subscribed by the defendant; and 4. A counterclaim, in which the partnership between the parties and the settlement of the partnership business, as alleged in the complaint, are substantially admitted. The counterclaim is for damages for alleged fraud by the plaintiff in such settlement. No proof was given on the trial in support of such counterclaim.

When the trial commenced, defendant objected to the admission of any evidence under the complaint, on the ground that no cause of action is therein stated. The court overruled the objection.

It appeared on the trial that at the time such settlement

was made, the firm owned certain lots, the title to which was in the plaintiff, and that the parties met at the register's office and agreed upon a division of the lots between them, and the plaintiff then and there conveyed to the defendant the lots which fell to him by such division.

The undisputed evidence proves that the firm of Gauger & Pautz were the party interested in the defense of the Greves suit, and not *Gauger* alone, and that the latter had been compelled to pay on account of such suit the sum stated in the complaint; also, that the business of the firm was grading streets, filling lots, and work of that character.

The question of fact chiefly litigated on the trial was, whether the defendant agreed to pay the plaintiff the money for which this action was brought; and the evidence on that question is confined to what occurred when the parties were together in the register's office, and concluded their settlement. There is a sufficient statement of the testimony in the opinion; as also of the instructions given and refused by the court.

The plaintiff recovered the amount of his claim; and the defendant appealed from the judgment against him therefor.

*J. D. Markham,* for appellant.

Brief for the respondent by *H. G. & W. J. Turner,* and oral argument by *W. J. Turner.*

Lyon, J.   I. It is claimed that the complaint fails to state a cause of action. In *Sprout v. Crowley,* 30 Wis., 187, this court held that " where there is an express agreement by one partner to repay to the other his share of advances made by the latter on account of the partnership business, the amount of such share becomes thereby the debt of the partner who has thus agreed to pay the same, which may be recovered in an action brought directly therefor, without any regard to the partnership relation between the parties or the state of their firm accounts." (p. 192.) This complaint alleges an express agreement by the defendant to pay the plaintiff one-half of his advances on account of the partnership business, to wit,

the Greves suit; and hence, it states a cause of action within the rule of *Sprout v. Crowley.*

II. Within the same rule, the instructions prayed on behalf of the defendant were properly refused. They are, 1. That unless there was a final settlement of all partnership matters before this action was commenced, the action could not be maintained; and, 2. That, unless the partnership was fully and fairly terminated and settled, and unless the de-- fendant promised to pay the plaintiff's claim, before suit brought, the action could not be maintained.

These instructions are based upon the assumption that one partner cannot maintain an action at law against his copartner in respect to any matter of partnership concern, until there has been a dissolution of the partnership and a full settlement and adjustment of all the partnership affairs. This proposition was expressly rejected in *Sprout v. Crowley.* Moreover, it satisfactorily appears from the pleadings and the uncontradicted testimony, that, at the time the alleged agreement was made upon which this action is founded, there had been a dissolution of the partnership and a complete adjustment by the parties of all their partnership business and accounts, with the single exception that the amount which the plaintiff might thereafter be required to pay on account of the Greves suit (then pending) was not, and could not have been, ascertained.

III. The only question of fact really contested on the trial was, whether the defendant agreed to pay the plaintiff the money claimed in this action; and that question is narrowed down to what occurred between the parties in the register's office when they concluded their settlement. This question was submitted to the jury as the controlling one in the case. They were instructed that, finding the agreement, their verdict should be for the plaintiff; but failing to find the agreement, the plaintiff could not recover. The instruction was correct, if there was any evidence tending to prove the agreement. But the learned counsel for the defendant contends that there is no such evidence in the case. We are of the

opinion, however, that the testimony of the plaintiff tends to prove the agreement, and was sufficient to send the question to the jury. The following is his testimony:

" Q. You may go on and state the agreement between you and Mr. *Pautz*, down in the register's office, in regard to paying this Greves suit.

" A. Well, he came to me and says, 'Before you leave, it is just as well to deed half of the lots over to me.' I told him they couldn't divide it very well, because two of them were worth a great deal more, towards the road, than the other. He says, 'Then we can put so much more money on that, and then draw; which two you ever get, you have. We equal them up, putting that one higher and that one lower; then we can deed them over.' I should give him a deed. 'Well,' says I, 'this is all right enough, but you know that suit is not settled yet.' He says, 'Ain't I man enough for that suit?' I says, 'I know you are; you always was. We never had any quarrel with you, but then you don't know what circumstances come on, and it may save trouble.' Then Mr. Bach stepped up, and he says, 'That is all right; Mr. *Pautz* is good enough for that amount.' 'I know he is,' says I. Mr. Bach says, 'You are both brothers-in-law and have got along so far; what you want a writing done for?' Says I, 'If you all say so, I will give him the deed,' and I gave him a deed, and went off, and that left the thing so standing, and that was all that was said."

True, the plaintiff does not testify that the defendant then promised in express terms to pay the money, but his version of the transactions and conversation between them in the register's office raises a presumption that he understood and accepted what the defendant then and there said as a promise that he would repay the plaintiff one-half of his disbursements on account of the Greves suit, and that the plaintiff delivered the deed of the lots on the faith of such assurance. It is also a fair inference from the testimony, that the defendant knew that the plaintiff accepted what he there said as a promise to pay the money, and delivered the deed on the faith of it.

IV. After what has been said, it is hardly necessary to say that there was a sufficient consideration for the alleged agreement, and that the same is not within the provisions of the statute of frauds which declare that certain agreements shall be void unless in writing.

Upon the whole case, we think the judgment of the circuit court should be affirmed.

*By the Court.* — Judgment affirmed.