JEWELL and another, Respondents, vs. KETCHUM, Appellant.

*May 7 — September 22, 1885.*

*Partnership: Dissolution: Agreement to pay firm debts.*

A partner who, on the dissolution of the firm, retains all the partnership property, and in consideration thereof agrees to pay all the firm debts, will be liable in an action at law to his copartner, who has been compelled to pay a firm debt by reason of his failure to keep his promise.

APPEAL from the Circuit Court for *Waupaca* County. The case is thus stated by Mr. Justice Cassoday:

"The plaintiffs and the defendant were partners. They dissolved by mutual consent. By the terms of the dissolution the defendant was to have all the interests of the plaintiffs in the property and assets of the firm; and, as a part of the consideration therefor, the defendant was, according to his version, to pay the indebtedness of the firm up to $5,400; but, according to the version of the plaintiffs, he was to pay all the indebtedness of the firm, including a debt of the firm to the plaintiffs personally for $430 and interest. The defendant failed to pay to the plaintiffs any portion of the $430 or interest, and also failed to pay any portion of a note held by one Rodell, and upon which he obtained judgment against all the members of the firm, April 7, 1880, and issued execution thereon, and in satisfaction of which the plaintiffs paid $122.63. This is an action at law, commenced June 22, 1880, to recover the $430 and interest, and the $122.63 so paid by the plaintiffs, and the interest thereon.

"Upon the issue being joined, the cause was tried by the court without a jury, and the court found the facts, in effect, according to the version of the plaintiffs. As conclusions of law the court found, in effect, that the plaintiffs were entitled to recover from the defendant the amount of the two sums named, with interest from the time of the commencement of the action, amounting to $704.03. From the judgment entered accordingly the defendant appeals."

Jewell and another vs. Ketchum.

For the appellant the cause was submitted on briefs by *G. W. Cate.*

For the respondents there was a brief by *Jackson & Thompson,* and oral argument by *Mr. Thompson.*

The following opinion was filed June 1, 1885:

CASSODAY, J. The findings of fact seem to be supported by the evidence. At all events, we do not feel warranted in disturbing them. This being so, it must be regarded as a verity in the case that the defendant, in part consideration of the firm property which he received, agreed to pay all the indebtedness of the firm, including the debt which the firm owed the plaintiffs for borrowed money. The failure to pay that debt to the plaintiffs was a breach of that agreement. So the failure to pay the debt of the firm to Rodell was a breach of that agreement. That breach, and the fact that the plaintiffs were compelled to pay Rodell, entitled them to recover back the amount so paid from the defendant. This recovery was not dependent upon the settlement or adjustment of the partnership business, nor any part of it, but upon the fact that by reason of the defendant's breach of contract the plaintiffs were compelled to pay a firm debt, which, as between the parties, the defendant had for a valuable consideration, in effect, agreed to assume and pay and save the plaintiffs harmless therefrom. Having failed to keep his express promise, he was liable at law for the damages sustained by reason of the breach of his promise. *Gauger v. Pautz,* 45 Wis. 449; *Edwards v. Remington,* 51 Wis. 336.

*By the Court.*— The judgment of the circuit court is affirmed.

Upon a motion for a rehearing there was a brief for the appellant by *G. W. Cate,* attorney, and *E. P. Smith,* of counsel, and a brief for the respondents by *Jackson & Thompson.*

The motion was denied September 22, 1885.