BRIGHT and another, Respondents, vs. CARTER, imp., Appellant.

SAME, Respondents, vs. CARTER, Appellant.

*April 18—May 8, 1903.*

(1) *Evidence: Personal knowledge.* (2–4) *Partnership: Individual liability of partner to repay advances: Personal loans: Pledge of securities: Effect on remedy: Action at law or in equity.*

1. Where it appeared that witnesses had personal knowledge of certain transactions connected with the matter in suit, their testimony was properly received, although in their examination they referred to facts and circumstances of the transactions not entirely within their personal knowledge.

2. Plaintiffs advanced money to defendants, who had no capital, under an agreement that it be used to develop certain mines in which all parties were equally interested. In an action to recover from defendants their share of such moneys, the uncontradicted testimony of plaintiffs (to the effect that it was agreed that one half of such advancements was to be a loan to defendants individually, to be applied by them as their part of the moneys required to carry on the mining enterprise), together with the fact that plaintiffs had received security from each defendant separately for the advancements made, and the fact that defendants had repaid part of the money, is *held* to show that one half of the money advanced by plaintiffs to develop the mines was a personal loan for which defendants were individually liable.

3. The fact that plaintiffs received securities from defendants, which were not in lieu of or in discharge of the debt, does not of itself extend the time of payment or suspend plaintiffs' right of action on the original obligation.

4. An express agreement by defendants to repay to plaintiffs their respective shares of advancements made to carry on the partnership business entitles plaintiffs to recover thereon regardless of their partnership relation or the state of their firm accounts.

APPEALS from judgments of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Plaintiffs charge that between December 6, 1893, and February 28, 1895, they loaned defendants, at their request, pur-

suant to an agreement, $12,415.81, and that a payment of
$5,000 was made thereon on September 11, 1897, and de-
mand judgment for the balance due them, with interest. The
defendant *Carter,* who was served with process and appeared,
denies all liability, and sets up the defense of payment of this
claim and all demands against him arising out of this trans-
action. He further alleges that all matters in difference em-
braced in the issues are transactions pertaining to, and aris-
ing out of, a mining copartnership existing between plaintiffs
and defendants throughout the period of time covered by the
action, and that an accounting of the partnership affairs is
necessary to determine the respective rights and interests of
the members of the copartnership.

The cases were tried before a jury. Plaintiffs offered their
proof, and defendant *Carter* offered no proof in either case,
aside from the deposition of *H. A. Bright,* who was examined
as an adverse party under the statute. The evidence pre-
sented bears upon plaintiffs' purchase of a half interest in
mining property located in British Columbia, whereby they
became equally interested therein with defendants, paying
therefor a consideration of $5,000. It tends to show that de-
fendants had no capital to contribute to operate the mines,
and that they proposed, if plaintiffs would furnish the means
for operating purposes, which was estimated by defendants to
require from $12,000 to $18,000, defendants would give their
time and services, and pay back to plaintiffs one half of the
sum so advanced, with interest; that pursuant to such ar-
rangement plaintiffs advanced the sum of $24,831.63 before
March, 1895, when Clark sold his interest to *Carter,* and
thereafter advanced to *Carter,* for the same purpose and upon
the same understanding, $5,800. Of the sums so advanced,
plaintiffs make claim against *Carter* and Clark for the one-
half of $24,831.63, namely, $12,415.81, less the payment of
$5,000 made by *Carter,* leaving a balance of $7,415.81, and
they make claim against *Carter* alone for the $5,800 ad-

vanced to him.    It appears that the mining property has been closed out, that none of the parties have any further interest therein, and that no settlement was made of the claim arising out of the advancements above specified.    It also appears that plaintiffs received some collateral from each defendant separately as security for the advancements made by them.    The security from *Carter* was returned upon the payment by him of $5,000.    Plaintiffs have not returned the security received from Clark, nor accounted for any money realized thereon.

At the conclusion of the testimony the court directed a verdict in each case in favor of plaintiffs for the amount demanded in the complaint, with costs.    After direction of verdict, and before judgment, the court permitted plaintiffs to amend their complaint to correspond with the proof in the case as to the amounts due plaintiffs in each action.    From each of the judgments entered in plaintiffs' favor the defendant *Carter* appeals, and the appeals are considered together.

*S. M. Marsh,* attorney, and *James Wickham,* of counsel, for the appellant.

*L. M. Sturdevant,* for the respondents.

SIEBECKER, J.    It is insisted that the testimony of respondents should not have been received by the court over objection, for the reason that they wholly failed to qualify as competent witnesses on the subjects upon which they testified.    The respondents were examined as to what agreement, if any, was made by them with defendants for the advancement of moneys to develop the mines as above stated, and at what time and in what amounts such moneys were advanced by them to defendants.    It appears that defendants and respondents had personal interviews concerning the purchase of an interest in the mining property in question, and that finally, at a meeting of all the parties in Spokane in the latter part of the year 1893, respondents agreed with defendants to purchase a half interest in the mines, whereby respondents were to furnish all the

money required to develop the enterprise. Respondents also testified from personal knowledge to moneys actually sent for such purpose, and to admissions made by *Carter* and Clark that the amounts now claimed to be due and unpaid were correct. It thus appears that the witnesses had personal knowledge of these transactions. It must therefore be held that the testimony was properly received, though they did at times in their examination refer to facts and circumstances of the transactions not entirely within their personal knowledge. If, then, the testimony was properly received by the court, was the cause of action supported by the uncontradicted evidence? We are unable to find in the record any conflict in the evidence material to the issue. Proof of the material facts is sufficiently explicit to establish the claim. No different conclusion could have been reached. The court was therefore right in directing the jury to find a verdict upon motion.

It is contended, however, that the court erred in directing a verdict, for the reason that the proof failed to establish legal grounds for recovery, in that the evidence shows the sums advanced by respondents were for partnership purposes, constituting a claim against the copartnership, and that there is no evidence tending to show one half of such advancements to have been a loan to defendants individually, to be applied by them as their part of the moneys required to carry on the mining enterprise. This construction of the evidence ignores its plain and evident meaning. The respondents testified directly to such an arrangement. The conduct of defendants in acknowledging such an indebtedness in the various ways tends to prove it. The fact that they pledged their individual securities, as well as part payment by them on the one-half of such advancements are facts of such significance and weight, in view of all the circumstances in the case, as to leave no room for a different inference. The evidence must be held to establish that it was agreed between them that one half of the money advanced for the purposes mentioned in carrying on

the mining enterprise was a personal loan to defendants, for which they became individually liable. It also appears that, when *Carter* purchased Clark's interest in the business, it was understood that he would assume personal liability for advancements made thereafter.

The fact that respondents received some securities for these debts does not of itself extend the time of payment, nor suspend their right of action. Such securities were not taken in lieu of or in discharge of the debt, and cannot thereafter affect the remedy on the original obligation. *Paine v. Voorhees,* 26 Wis. 522; *First Nat. Bank v. Finck,* 100 Wis. 446, 76 N. W. 608.

An express agreement having been made between the parties whereby respondents agreed to repay to defendants their respective shares of advancements made and expended in promoting the partnership business, it entitles respondents to recover whatever may be due thereon, regardless of their partnership relation or the state of their firm accounts. *Sprout v. Crowley,* 30 Wis. 187, and cases cited in opinion; *Edwards v. Remington,* 51 Wis. 336, 8 N. W. 193.

We find no error in the ruling of the court allowing plaintiffs to amend their complaints, after direction of verdict, to conform to the facts proved.

*By the Court.*—Judgments affirmed.