## MILTON HOLMES *v.* MANOEL F. MELLO.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED APRIL 25, 1903.          DECIDED JUNE 20, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An action at law lies by one partner against another partner to recover money paid for the use of the defendant to meet his share of expenses of the partnership, such advances being in pursuance of an agreement made before the formation of the partnership and in order to launch the partnership.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $677.82. The declaration contains two counts, one for money paid for the use of the defendant and the other upon an account stated.

One exception is to the granting of a non-suit at the close of the plaintiff's case. Although much evidence sought to be introduced by the plaintiff was excluded, still sufficient was admitted to have justified the jury in finding the following facts: that, the plaintiff and the defendant with eight others

being about to enter into a partnership for the cultivation and sale of sugar cane, the defendant requested the plaintiff to pay for him from time to time such amounts as might be necessary to meet his, the defendant's, share of the expenses of such cultivation; that the plaintiff agreed to make such advances and during the cultivation of the first crop paid out on behalf of the defendant, as his share of such expenses, the sum of $677.82; that the plaintiff rendered to the defendant a statement of the account showing this amount as due and that the defendant acquiesced therein and promised to pay the same; and that although often requested the defendant has failed to pay.

The motion for a non-suit was based on three grounds, the first and second being practically the same, to wit, that there was a fatal variance between the allegations and the proof in that the plaintiff alleged a general assumpsit and proved a special contract, and the third being that "it appears from the evidence that the advances made by Holmes were made to a partnership of which he is and was at the date of the advances a member; that the partnership accounts have not been settled, that it does not appear by the evidence that there has been a dissolution, settlement and adjustment of the accounts of the partnership."

The general rule undoubtedly is that an action at law will not lie in favor of a partner against another partner upon a demand growing out of a partnership transaction until there has been a settlement of accounts and a balance struck, but the rule is no broader. "Where the cause of action is distinct from the partnership accounts, and does not involve their consideration, or require their examination," the rule does not apply and an action at law will lie thereon between the partners. *Harrison v. Magoon,* 13 Haw. 339, 351. "An action at law lies upon express individual and personal contracts between partners, and it is immaterial whether such contracts relate to the partnership affairs or are wholly distinct therefrom." *Ib.* In the present case, the plaintiff is not suing

the partnership nor is he suing any member for any balance claimed to be due by reason of their relation to each other as partners. No advances were made to the partnership and nothing is due from it. The contract sued on was entered into before the formation of the partnership and amounted simply to an undertaking on Holmes' part to make a loan to Mello and to a promise on the latter's part to repay such loan to Holmes. While the money loaned was used and intended to be used by Mello in paying his share of the partnership expenses, his contract with Holmes was wholly distinct from the partnership affairs. Whatever the state of those affairs may be, Mello's debt remains due to Holmes. No consideration of the profits or losses of the concern is necessary or would be relevant in determining the existence or the amount of that debt. Upon the case as disclosed by the evidence, the plaintiff's remedy is at law. See *Wetherbee v. Potter,* 99 Mass. 354, 363; *Chamberlain v. Walker,* 10 Allen 429, 430; *Edwards v. Remington,* 51 Wis. 336; *Currier v. Webster,* 45 N. H. 226; *Ellison v. Chapman,* 7 Blackford 224; *Wells v. Carpenter,* 65 Ill. 447; *Wright v. Eastman,* 44 Me. 220; *Helmee v. Smith,* 7 Bing. 709, 714; *Venning v. Leckie,* 13 East 7; 2 Bates, Partnership, Sections 868, 874; 15 Encycl. Pl. & Pr. 1036, 1037, 1045-1047; 17 Encycl. Law, 1st ed., 1262.

It is also contended, apparently for the first time in this Court, that the non-suit was properly granted because the defendant's promise was to pay upon the happening of a contingency, to wit, the sale by defendant of a certain lot of land, and that the evidence does not show that that contingency has happened. Assuming that an answer made by the plaintiff on the witness stand, that the defendant "expected to sell a piece of land and as soon as he had sold the land he said he would pay me," was capable of being construed by the jury as meaning that the sale of the land was to be a condition precedent to repayment, yet there was ample evidence from which the jury would have been justified in finding that there was no such condition and that the promise was absolute.

There was no variance between the pleadings and the proof. The defendant's express promise to pay the amount advanced at his request was nothing more than the law would imply under the circumstances. It was optional with the plaintiff whether to declare on the implied promise or to set out the contract specially. See *Turnpike Co. v. Gulick,* 16 N. J. L. 161, 166; *Sanborn v. Emerson,* 12 N. H. 57, 61, 62; *Davis v. Smith* 79 Me. 351, 360; 28 Encycl. Law, 1st ed., 56; 4 Cycl. Law & Pro. 328.

During the cross-examination of the plaintiff, the defendant offered in evidence an agreement concerning the use of the land to be cultivated by Holmes, Mello and the eight others, the party of the first part being the Pacific Sugar Mill, a corporation, the owner of the land, and the parties of the second part the ten planters. That instrument in the opening paragraph first set forth the names of the parties of the second part and recited that they would be "hereinafter designated as 'The Planters'." Subsequently the plaintiff made general and specific offers to prove that the name of the partnership was "M. A. Dias Planting Company" and that this was the same partnership as that referred to in the plaintiff's testimony.

This evidence was excluded on the ground, apparently, that it already appeared that the name of the partnership was "The Planters", and that "M. A. Dias Planting Company" was another partnership, not in any way involved in the proceedings. The evidence excluded was admissible. The instrument in evidence did not purport to show what the name of the partnership was. The designation, "The Planters", was there used merely for the sake of brevity and as a matter of convenience for the purposes of that instrument alone just as the Pacific Sugar Mill was designated "The Mill." That instrument is not and does not purport to be the agreement of partnership between the ten parties of the second part. Moreover, so far as there is any evidence at all on the subject, that evidence tends to show that the "M. A. Dias Planting Company" and "The Planters" are one and the same concern.

The exceptions are sustained, the judgment reversed, a new trial ordered and the case remitted to the Circuit Court.

*Smith & Parsons* and *Thayer & Hemenway* for the plaintiff.
*Humphreys, Thompson & Watson* for the defendant.