SCHMIDT, Respondent, vs. MERTES, Appellant.

*February 21—March 14, 1911.*

*Partnership: Dissolution: Accounting and settlement: Action: At law or in equity?*

1. Where partnership affairs have been settled by agreement and nothing remains to be done except payment of the amount which one partner has agreed to pay the other for his share in the business, the remedy at law for failure to pay such agreed sum is adequate and exclusive, at least unless defendant is insolvent.

2. But where the agreement to dissolve is contingent upon an accounting and settlement which the parties are unable to complete because of divergent views as to their respective interests, and, although defendant has been placed in possession of the firm assets, it appears that such possession was surrendered to him upon his promise that the settlement should be made, and it further appears that there are firm liabilities still unpaid and that defendant has attempted to mortgage the partnership property as his own, an action in equity for an accounting and settlement will lie.

APPEAL from an order of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action in equity to wind up a partnership, and from an order overruling a general demurrer to the complaint the defendant appeals. The complaint alleges in substance

that the parties formed a partnership in May, 1907, for the purpose of conducting the retail drug business at Hartford in this state, the plaintiff contributing his experience as a practical druggist and the defendant $2,500 in cash, the plaintiff agreeing to pay defendant $25 per month until the amount paid should equal one half of defendant's cash contribution; that the partnership business was opened in July, 1907, and continued in operation till August, 1909, during which time the plaintiff paid to the defendant $400 on the agreement last referred to; that just prior to August, 1909, a dispute arose between the partners, and it was then agreed that the partnership should be dissolved, that an inventory of all of the assets be taken "and the books of said partnership be examined, and that a complete accounting should be had for the purpose of ascertaining the interest of each partner in said business; that after such accounting the defendant should pay to the plaintiff what his interest in said business amounted to, and that thereupon the defendant should become sole proprietor of said business." The complaint further alleges that the plaintiff, relying on defendant's promise to make a fair settlement of the partnership affairs, gave up possession of the partnership assets to the defendant, who still retains such possession; that an inventory of assets was taken, the books and accounts examined and settled, a list of partnership liabilities agreed on, the amounts respectively drawn out by the partners agreed on, and it was found that the net assets, excluding book accounts of about $600, were $2,776.61; that after these matters had been agreed on a dispute arose between the parties as to their respective interests in the assets, and that the parties are still unable to agree thereon; that defendant is in possession of all the partnership assets, and is conducting the business, receiving the full benefit of the good will, and wrongfully claims to own all of the assets and has attempted to mortgage the same; that he has wrongfully excluded the plaintiff from participation in the

business and from possession of the assets, although plaintiff has demanded that he be allowed to participate in the management, control, and possession of the property. The prayer is for dissolution of the partnership, appointment of a receiver with power to dispose of the property, payment of the partnership debts and costs, and division of the remaining assets between the parties according to their respective interests.

The cause was submitted for the appellant on the brief of *Sawyer & Sawyer,* and for the respondent on that of *Paul A. Rix.*

WINSLOW, C. J.    The appellant does not dispute the general principle that equity is the proper forum in which to close up partnership concerns, settle the accounts between the partners, dispose of the property, and pay the partnership debts through the arm of a receiver, and divide the residuum between the partners; but his contention is in substance that under the allegations of the present complaint it appears that the partnership affairs have been settled by agreement of the parties, and that nothing remains save the payment of the amount which the defendant has agreed to pay the plaintiff for his share in the business.    Were his premises correct it seems that the conclusion would follow that the remedy at law by action to recover the agreed balance would be adequate and exclusive.    Where nothing is left to be done save the payment of an agreed balance there can be no necessity of a resort to equity, at least in the absence of insolvency on the part of the defendant.    *Edwards v. Remington,* 51 Wis. 336, 8 N. W. 193; *Gauger v. Pautz,* 45 Wis. 449.

That, however, is not the situation presented by the complaint.    True, the parties agreed to dissolve, and have agreed upon an inventory of assets and upon the amounts they have respectively drawn from the business, but here they part company.    They cannot agree as to their respective interests in

the residuum of assets. Now the agreement of dissolution as alleged in the complaint was in substance that after the accounting the interest of each partner should be ascertained and the defendant should pay to the plaintiff what his interest amounted to (*i. e.* the interest thus ascertained), and *thereupon* the defendant should become sole proprietor of the business and the plaintiff should step out. There was to be no dissolution nor relinquishment of plaintiff's rights as a partner until this payment. True, the defendant took possession of the property with plaintiff's consent, but only upon the promise that the settlement should be made. So we have a case of an agreement to dissolve in the future contingent upon an accounting and settlement which the parties are unable to complete on account of divergent views as to their respective interests, and, while the defendant has been placed in possession of the firm assets, it appears that the possession was surrendered upon the promise that the settlement should be made. In addition to this, it fairly appears from the complaint by inference that there are firm liabilities still unpaid and that the defendant has attempted to mortgage the partnership property as his own.

All these considerations differentiate the case very materially from a case where all that remains to be done is for one partner to pay the other an agreed balance. We conclude that the demurrer to the complaint was properly overruled.

*By the Court.*—Order affirmed.