## MULLEN v. BOWER.

[No. 3,364.    Filed February 15, 1901.]

BROKERS. — *Real Estate Commission.* — *Sale by Owner.* — Evidence which showed that a real estate broker who had been employed to sell a farm engaged a subagent to assist him with the knowledge and consent of the owner, and that the subagent found a purchaser, took him to see the land and informed him of the price, and that after he had expressed satisfaction with the price and an intention to buy, the owner took up the matter and sold the farm to such purchaser at a less price, over the protest of the subagent made on behalf of the broker, was sufficient to establish the broker's right to a real estate commission, although such protest was not repeated either by the subagent or his principal.    *pp. 254-256.*

TRIAL.—*Instructions.—Omissions.* — A defendant cannot successfully complain of an instruction which is favorable to him on the ground that it does not state that other matters also constitute grounds of defense.    *p. 257.*

SAME. — *Evidence.* — *Assumed Facts.* — An instruction based upon a supposed state of facts of which there is no evidence may properly be refused.    *p. 257.*

Mullen *v.* Bower.

APPEAL AND ERROR.—*Pointing Out Objections.*—In order to question the rejection of evidence, the place in the record where the ruling objected to may be found must be pointed out.  *p. 258.*

From the Henry Circuit Court.  *Affirmed.*

*M. E. Forkner, G. D. Forkner* and *W. E. Jeffrey,* for appellant.

*E. H. Bundy, J. M. Morris* and *C. H. Beard,* for appellee.

BLACK, J.—The appellee sued the appellant to recover a commission for service as a real estate broker in procuring a purchaser for certain land.  On a former appeal to this court (*Mullen* v. *Bower,* 22 Ind. App. 294), the judgment for the plaintiff was reversed for error on the trial.  The cause was again tried, and it is assigned that the court erred in overruling the appellant's motion for a new trial.

There was conflict in the testimony upon some of the facts involved in the issues, but our examination must be directed to ascertaining whether or not there was sufficient evidence to support the verdict.  There was evidence tending to prove that the appellee, a real estate broker at New Castle, was employed by the appellant to sell his farm of 160 acres a short distance east of that place.  Various prices were fixed by the appellant from time to time, and at length he authorized the appellee to procure a purchaser at $38.50 per acre, or $6,160 for the farm.  The appellee employed one John W. Williams to assist him as his subagent, who was to look to the appellee, and not to the appellant, for his compensation.  The appellant was made fully acquainted with this arrangement and agreed to it.  Williams induced his brother-in-law, one Stanford Lewis, to come to New Castle and to go with him out to the farm to examine it with a view to becoming the purchaser.  They went to the farm without seeing the appellee, who did not see the appellant thereafter to speak to him until after the sale of the land. On the way out they met the appellant, and Williams introduced Lewis as his brother-in-law and informed the appel-

lant of their purpose, and the appellant directed them to go on and look at the farm. While they were at the farm, in a piece of woodland thereon, Williams stated to Lewis that the price of the land would be $6,200, and when Lewis asked him what was the least price, Williams told him that he could have the place for $6,160. Lewis then said it was the cheapest farm he had seen, and that he believed that he would buy the farm, "or something of that kind". The appellant came to them, and engaged in conversation. While they were still at the woodland, according to the testimony of the appellant, or after they had gone to the house upon the farm, according to the testimony of Williams, something was said, as to which Williams testified, that Lewis looked at the appellant and wanted to know the least dollar that would buy the farm, and said he did not want anything to do with these real estate men, and the appellant "spoke up and said '$6,000,' as quick as he could speak". Then Williams said to the appellant, "Won't you get yourself into trouble with Mr. Bower over the commission?" To this the appellant answered, "No, not at all; I will fix that." An arrangement was then made to meet at Mr. Jeffries' office at New Castle. Mr. Lewis left the purchase-money in bank, subject to the check of Williams, who was to go ahead when the deed was made and check the money out to the appellant. The same day Williams spoke to the appellee about the visit to the farm with Lewis. Concerning the conversation of Williams with Lewis on the farm before the arrival of the appellant, Williams reported that Lewis said to him that he believed he would take the farm, that it was the cheapest farm he had seen, but he wanted his wife to come and see it. Williams having learned of an encumbrance on the land, he sent for Lewis to come and look after the matter. He came and settled it up, and the deed was made, nothing having been said to appellant about the conversation above mentioned between Lewis and Williams in the woods before the appellant's arrival there, and nothing

having been said to or by the appellant about a commission after said conversation at the farm.

The principles of law applicable to the case were stated on the former appeal, and we need not repeat them. We are of the opinion that the evidence was sufficient to sustain a verdict against the appellant. The appellee, under his employment, and through his subagent, known to the appellant to be such, procured a purchaser for the farm. While the negotiations were in progress, the appellant came upon the scene and took part himself in the transaction, and upon his own motion modified the terms to which he had limited his agent. At the time of his doing so, his attention was called by the subagent to the matter of the appellant's responsibility to the appellee for a commission, whereupon the appellant stated to the subagent, whose relation to the appellee he so knew, and through him to the appellee, that he would "fix that."

The subagent having thus in effect protested against the offer to take $6,000 for the farm, there was no obligation upon the appellee to protest further, or to interfere in the negotiation, or to demand his commission, or assert his right to it, before the execution of the deed of conveyance. The participation of the appellant in the negotiations, and his agreement with Lewis to take a smaller price than that stipulated as the price to be demanded by the agent, if done with the purpose as between Lewis and the appellant that their agreement was an independent one in which the real estate men had no part, yet could not affect the right of the appellant to compensation earned in his capacity of agent under the unrescinded contract of employment.

Objection is urged against the second and third instructions given by the court upon its own motion, on the ground that they precluded the jury on the appellant's defense. These instructions were substantially the same as those referred to in the opinion on the former appeal as the first and second instructions given on the request of the appellee, of

Mullen *v.* Bower.

which it was said by this court that they correctly state the law. There were other instructions given which presented to the jury the consideration of matters of defense, even more fully than pleaded by the appellant.

The fifth instruction stated in effect that if Williams, acting as the agent of the appellee, to induce the appellant to sell to the purchaser procured by Williams, concealed from the appellant the fact that the purchaser would pay the price fixed by the appellant, and induced him to sell in the belief that if he sold at the less price fixed by the appellant no commission would be charged by the appellee, he could not recover. This instruction was favorable to the appellant, and he has no right to complain of it upon the ground that the court did not in the same instruction state some additional matter as a sufficient ground of defense.

The fourth instruction asked by the appellant, and refused, was a statement of a legal proposition which was substantially presented to the jury in better form in the court's fifth instruction concerning matters of fact to which the evidence related.

The fifth instruction asked by the appellant was correctly refused, for the reason that there was no evidence tending to prove that Williams went to the appellant and endeavored to get lower terms from him than terms agreed upon between Williams and the purchaser, and succeeded in getting the appellant to take $6,000 for his farm,—the state of supposed facts on which the instruction was predicated.

The seventh instruction refused was unfortunately worded, so that it was predicated upon a supposed state of facts which there was no evidence tending to sustain,— where one sells to an independent purchaser not procured by the agent; and therefore there was no error in rejecting it.

The remark we have made relating to the refusal of the fourth instruction asked might be repeated as to the refusal of the eighth instruction requested by the appellant.

Assuming, without deciding, that a real estate agent employed to procure a purchaser may deprive himself of a right to recover his commission through want of skill in his profession, in a supposable case, yet we do not perceive that any question of want of skill was involved in the issues or presented by the facts in evidence; and there was no error in rejecting the ninth instruction asked containing an abstract proposition of law as to the obligation of a real estate broker to exert skill for the benefit of his principal.

The rejection of certain evidence offered by the appellant is mentioned in the brief of the appellant without any reference to the place in the record where such action of the court may be found.

The judgment is affirmed.