TEESDALE, Respondent, vs. BENNETT, Appellant.

*November 19—December 13, 1904.*

*Brokers: Contracts: Commissions: Substituted agreement: Court and jury.*

1. Where there is a conflict as to what was the original agreement between a real-estate broker and the owner, that issue is one necessarily to be determined by the jury.

2. In an action by a real-estate broker for commissions alleged to have been earned, the evidence, stated in the opinion, is *held* not to sustain a contention that the original agreement was superseded by a subsequent contract between plaintiff, defendant and a third broker.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Plaintiff was a real-estate dealer, doing business in the city of Lancaster, Wisconsin. Defendant was the owner of certain hotel property known as the "Lancaster House." May 9, 1903, he entered into negotiations with plaintiff with a view to disposing of the hotel. Plaintiff had various conversations with him, and claims to have made an agreement with him to the effect that defendant was to pay him $500 for securing a customer for a sale, or for an exchange of this property for other property, which would be satisfactory to defendant. Defendant claims that the agreement for the payment of $500 related only to a cash sale, while plaintiff claims that it covered a sale or a satisfactory exchange. Plaintiff testified that defendant agreed with him that if plaintiff would bring a customer who had property to exchange for the hotel, and if the terms of exchange could be satisfactorily arranged, he would have the money ready for plaintiff as soon as the deal was closed. Plaintiff specified several instances wherein he had attempted to arrange an exchange, and, as to the particular exchange which was consummated, stated that he knew a Mr. Horton, who lived on a farm about a mile from

Fennimore, who had some lots and houses in Lancaster which he desired to exchange; that he knew the prices at which these properties were held; and that he suggested an exchange thereof to defendant for the hotel. The prices and the properties were satisfactory to defendant. Plaintiff and defendant thereafter went to plaintiff's office to get into communication, and plaintiff suggested that it would facilitate an exchange to obtain the assistance of one of the real-estate agents. at Fennimore, and in defendant's presence sought to reach a Mr. Armfield, such an agent, by telephone. Failing to reach Mr. Armfield, he communicated with Armfield's partner, Mr. Parker. An arrangement was made whereby plaintiff and defendant went to Fennimore that afternoon, met Mr. Parker, of the firm of Armfield & Parker, and the three together drove to the Horton farm to see what could be done toward making an exchange. Plaintiff testified that while on the way to the Horton farm he informed Mr. Parker of the agreement he had made with defendant, whereby he was to receive $500 for procuring a satisfactory exchange, and he told him that he would divide the commission with his firm— Armfield & Parker—if they would assist him in consummating the exchange; that Parker assented thereto, and, when defendant heard plaintiff promise Parker to share the commission equally with Armfield & Parker, defendant said, "Yes, boys, the money is ready for you as soon as the matter is closed." Plaintiff claims that this whole transaction was an employment of Armfield & Parker as his subagents, while defendant contends that, if plaintiff is entitled to recover at all, it must be upon a new agreement then made, whereby plaintiff and Armfield & Parker were to share equally in the commission. Defendant denies that any such conversation was had between plaintiff and Parker in his presence, and denies making the statement that the money would be ready if they carried the deal through. Parker testified that he had such a conversation with plaintiff on the way to the Horton.

farm, while riding with defendant, and in this conversation plaintiff promised to divide the $500 commission, and that defendant stated in effect that, if they would put the deal through, the money would be ready for them. At the Horton farm all three participated in the conversation wherein the exchange was discussed. Horton promised to come to Lancaster as soon as possible to look over the hotel with a view to completing the exchange. Plaintiff testified that he made two or three trips to Fennimore to urge Horton to come to Lancaster, and that he was constantly engaged in furthering the consummation of the deal. On May 29th Horton came to Lancaster with Armfield, then the partner of Parker, and on the 30th plaintiff went to defendant and notified him of the presence of Horton, and he testifies that defendant at that time said: "Now, Teesdale, you have the man; you have done your duty, and I will go ahead and complete the terms." At this time the arrangements for the exchange were made between Bennett and Horton in the presence of Armfield, and the transfers were duly made on the following 10th of June. Defendant denies the making of any arrangement for procuring an exchange, and claimed that, if plaintiff was entitled to recover, it must be on a contract made while on the way to the Horton farm. Instructions based upon this claim were refused, and the case was submitted to the jury upon the plaintiff's right to recover on his complaint, and a verdict was returned by the jury for the amount claimed. The court refused to set aside the verdict, and also refused a new trial, and judgment was entered in accordance with the verdict. This is an appeal from such a judgment.

The cause was submitted for the appellant on the brief of *Geo. B. Clementson,* and for the respondent on that of *Lowry & Carthew.*

SIEBECKER, J. Plaintiff, as a real-estate agent, sued defendant for commissions which he claims are due him upon

the contract made at the time and under the circumstances stated in the foregoing statement of facts, whereby he undertook to procure a customer for the purchase or exchange of defendant's hotel property in the city of Lancaster. He avers that he has fully performed all the conditions of this agreement, and that the sum agreed upon as a commission for such services is due him. The defendant asserts that the terms of the agreement were that plaintiff should receive the commission if he procured a purchaser for a cash sale at the specified price, but he denies that such a sale was consummated. He furthermore contends that upon plaintiff's own showing it appears that, if he is obligated to pay any commission for the exchange of the properties, it was upon the agreement whereby plaintiff and Armfield & Parker, jointly, undertook to procure and consummate the exchange and divide the commission equally between them. There is no question but that a clear conflict arose upon the evidence as to what agreement was originally made between plaintiff and defendant, and that this issue was one necessarily to be determined by the jury. The court so submitted it, and the question is, does their verdict settle the controversy?

It is insisted that the court erred in refusing to submit to them the inquiry whether the original agreement was superseded by a subsequent one between plaintiff, defendant, and Armfield & Parker. The foregoing statement contains the substance of the evidence bearing upon this question. We find no facts which support the contention. The only transactions on which the claim is predicated are the occurrences while defendant, plaintiff, and Parker were driving to the Horton farm, when the first interview was had with a member of the firm of Armfield & Parker. It appears that plaintiff and defendant met Parker at Fennimore, by mutual arrangement made in the forenoon of the day, to drive to Horton's farm to negotiate with him for an exchange of the hotel property. The defendant denies that he made any agreement

at this or any other time with either the plaintiff or Parker, and also denies that he said or heard anything said between plaintiff and Parker concerning the making of an agreement whereby plaintiff and the firm of Armfield & Parker were to act as defendant's agents to consummate the trade with Horton. The evidence, therefore, negatives the claim that the original agreement was superseded by a subsequent one. We must then ascertain what arrangement was then made between plaintiff and Parker. The plaintiff's testimony is to the effect that he informed Parker of his contract with defendant, by which, if a trade could be effected with Horton, he (plaintiff) would receive $500 as a commission, and that he made an offer to Parker that, if he and Armfield would assist him in bringing about an exchange of the properties, he "would share" the commission with them, and that defendant heard this interview and stated "Yes, boys, the money is ready for you as soon as the matter is closed." Mr. Parker's testimony of this transaction is to the same effect. We have thus the claims of the three parties to the transaction; the defendant testifying that nothing was said or heard by him on the subject of the contract, and the claims of plaintiff and Parker, who assert that plaintiff engaged Armfield & Parker to assist him to negotiate the exchange between defendant and Horton. The transaction thus shown is lacking in all the essential elements requisite to constitute a contract between defendant on the one part and plaintiff and Armfield & Parker on the other. It fails to show a situation of a common intent of all the parties, and it does not appear that their minds met upon any such terms of agreement as now claimed by the defendant. We find no basis that would have authorized a jury in finding either an express or an implied agreement. Hammon, Contracts, § 12; 9 Cyc. 245.

This conclusion disposes of all the exceptions urged upon this appeal. Since the jury found an agreement was made between plaintiff and defendant, as alleged in the complaint,

it follows that plaintiff was entitled to recover the commission as agreed upon. *Leech v. Clemons,* 14 Colo. App. 45, 59 Pac. 230; *Mullen v. Bower,* 26 Ind. App. 253, 59 N. E. 419.

*By the Court.*—Judgment affirmed.