OLIVER and another, Respondents, vs. KATZ, Appellant.

*March 25—April 9, 1907.*

*Appeal: Facts assumed: Brokers: Commission for procuring buyer of land: Time limited: Court and jury: Evidence.*

1. Where a jury has returned a general verdict upon controverted facts relative to an oral contract, for the purpose of assigning and considering errors it must be taken that the facts are those in evidence which are most favorable to sustain the verdict of the jury.

2. In an action by brokers to recover a commission on sale of land, upon the evidence—conflicting as to whether the agreement was to pay a commission for procuring a buyer or for making a sale, and showing, among other things, that after the making of the agreement, when a prospective buyer produced by the brokers insisted upon time to consider, the owner said he would give such buyer a week in which to make up his mind, and that, in a letter written seven days later, the owner recognized the offer as still subsisting—it is *held* that the terms of the original contract and whether there was thereafter a limitation upon the time for procuring a buyer were questions for the jury.

3. Upon evidence showing, also, that, after the brokers had written to the owner that the buyer above mentioned would not purchase at that time, their agent saw said buyer and urged him to proceed with the matter and that a short time thereafter he did buy the land from the owner, it is *held* that the jury were justified in finding that the brokers did procure a purchaser upon terms satisfactory to the owner and within a reasonable time.

4. Where the owner of land agrees to pay a commission to a broker for procuring a buyer, and a buyer is procured by the broker but refuses to pay the price asked by the owner, if the owner afterwards, during the continuance of the broker's agency, sells to the person so procured at a lower figure he is nevertheless liable for the commission.

5. If no time is limited for procuring a buyer the broker is entitled to a reasonable time, and what is a reasonable time, under all the circumstances, is a question for the jury.

6. The fact that the buyer consulted another person besides the brokers in the matter and had resolved not to buy unless that person approved of the purchase is immaterial upon the question whether the brokers' efforts were the procuring cause of the sale.

Appeal from a judgment of the circuit court for Wood county: Chas. M. Webb, Circuit Judge. *Affirmed.*

The appeal is from a judgment for $225, interest and costs in an action for breach of a commission contract upon sale of real estate. The appellant assigns as error: (1) The refusal of a nonsuit; (2) the refusal to direct a verdict for defendant; (3) the refusal to grant a new trial; (4) errors in refusing and in giving instructions to the jury; (5) error in the exclusion of evidence.

For the appellant there was a brief by *Goggins & Brazeau,* and oral argument by *T. W. Brazeau.* They contended, *inter alia,* that even if the plaintiffs had not abandoned the contract and their time had not been limited, defendant, by selling to Frost on different terms than those upon which plaintiffs were to sell, did not become liable for commission unless he knew that Frost was able, ready, and willing to buy upon the terms proposed to plaintiffs. *McArthur v. Slauson,* 53 Wis. 41, dis-

tinguishing *Stewart v. Mather,* 32 Wis. 344; *Cullen v. Bell,* 43 Minn. 226; *Fairchild v. Cunningham,* 84 Minn. 521; *McGuire v. Carlson,* 61 Ill. App. 297; *Ryan v. Page,* 123 Iowa, 246; *Ames v. Lamont,* 107 Wis. 531. But after abandoning the contract as plaintiffs did on December 19th, the defendant selling on different terms, plaintiffs certainly were not entitled to commission. *Trickey v. Crowe* (Ariz.) 71 Pac. 965; *Watts v. Howard,* 51 Ill. App. 243; *Cullen v. Bell,* 43 Minn. 226; *Tooker v. Duckworth,* 107 Mo. App. 231. Plaintiffs were not entitled to a commission upon a subsequent sale by defendant in the absence of fraud, even though defendant sold to one with whom plaintiffs were negotiating before their time expired. *Ames v. Lamont,* 107 Wis. 531; *Learned v. McCoy,* 4 Ind. App. 238; *Antisdel v. Canfield,* 119 Mich. 229; *Fultz v. Wimer,* 34 Kan. 576; *Castner v. Richardson,* 18 Colo. 496; *Watson v. Brooks,* 11 Oreg. 271; *Zeimer v. Antisdel,* 75 Cal. 509; *Farrar v. Brodt,* 35 Ill. App. 617. If, after refusing to buy, Frost through his friend Bean's recommendation and defendant's own efforts or for any reason of his own subsequently changed his mind and became willing to purchase, it would not entitle plaintiffs to a commission. *Lipe v. Ludewick,* 14 Ill. App. 372; *Wylie v. Marine Nat. Bank,* 61 N. Y. 415; *Sibbald v. Bethlehem I. Co.* 83 N. Y. 378, 383; *Moses v. Bierling,* 31 N. Y. 462; *Moore v. Cresap,* 109 Iowa, 749; *Earp v. Cummins,* 54 Pa. St. 394; *Fairchild v. Cunningham,* 84 Minn. 521; *Francis v. Eddy,* 49 Minn. 447; *Willey v. Rutherford,* 108 Wis. 35; *Wis. F. L. Co. v. Bullard,* 119 Wis. 320.

For the respondents there was a brief by *Holt & Coombs,* and oral argument by *A. N. Coombs.* They argued, among other things, that the case was in all respects properly submitted to the jury. *Schultz v. Eberle,* 124 Wis. 594. It is sufficient if the agent procured a purchaser at a satisfactory price. *Hubachek v. Hazzard,* 83 Minn. 437, 86 N. W. 426; *Willes v. Smith,* 77 Wis. 81; *Delaplaine v. Turnley,* 44 Wis. 31, 41;

*O'Connor v. Semple,* 57 Wis. 243; *Vreeland v. Vetterlein,* 33 N. J. Law, 247, 249.

TIMLIN, J.    Quoting from appellant's brief:

"On December 8th *Oliver,* in company with Frost, while on their way to look at other farms, met the defendant *Katz* on the road, and *Oliver* asked him if his farm was for sale. Defendant told *Oliver* that it was and fixed the price at $4,500, of which $2,000 was to be paid in cash by the purchaser, plaintiffs to receive five per cent. commission.    The same day the defendant limited the time within which the plaintiffs could sell to one week.    These terms are undisputed."

If this was an accurate version of the facts in this case the assignments of error 1 to 4 above enumerated would probably be fatal to the judgment; but we do not understand the facts in that way, nor did the trial court so understand them. When a jury has returned a general verdict upon controverted facts relative to an oral contract, for the purpose of assigning and considering errors it must be taken that the facts are those in evidence which are most favorable to sustain the verdict of the jury.    From this viewpoint we are unable to declare that the time within which the plaintiffs could sell was limited to one week.    We are unable to declare that the terms of the commission contract were undisputed.    In the first interview on December 8th, between the plaintiff *Oliver* and defendant, the testimony of said plaintiff is, on this point, that he asked the defendant what amount of commission the latter would give if he, the plaintiff, would procure a buyer, and the defendant said he would allow plaintiff five per cent.    This was a contract to procure a buyer to whom the defendant would be willing to sell, the defendant having control of the amount of purchase money and the terms of sale.    At a subsequent interview on the same day when the prospective buyer, Frost, was urged to conclude the purchase from *Katz,* he insisted upon first consulting with his wife and having more time, where-

upon the defendant, claiming that he expected another purchaser from Milwaukee, said he would give Frost one week's time within which to make up his mind. Whether this was trade talk between Frost and *Katz,* whether it was something to hurry up Frost, whether it was the time fixed within which *Katz* would keep his then present offer open for acceptance, or whether after that time he would not sell at all, were all questions for the jury. It is hard to see how it can be considered a limitation upon the contract with the plaintiffs to procure a purchaser, made and concluded at a prior interview. But even the question whether it was or not was for the jury. The letter of *Mr. Katz* written on the 15th, seven days after this alleged limitation, when the parties were nearly 100 miles apart, recognizing the offer as still subsisting, although slightly modified by his letter, was competent evidence upon the question of what the parties intended by this oral contract. We must keep in mind that here were two contracts. One was a contract with the plaintiffs to procure a purchaser; the other was a contract in negotiation between the defendant and Frost for the purchase of defendant's farm. We have noticed that the evidence of the plaintiffs stated the commission contract to be one whereby, in consideration of five per centum, they were to procure a purchaser. The defendant does not give the same version of this commission contract because he does not tell it as a contract to procure a purchaser, but rather as a contract to pay a commission for making a sale, and these are materially different engagements. The terms, as well as the construction of an oral contract bound up in these terms, is a question for the jury. *Teesdale v. Bennett,* 123 Wis. 355, 101 N. W. 688. If the contract was to procure a purchaser, and the purchaser was procured by the plaintiffs but refused to buy the property at the price offered by the owner, and the owner would later and during the continuance of plaintiffs' agency sell to the same person so procured at a lower figure, he could not thereby avoid the payment of the agents' commis-

sion. *Hubachek v. Hazzard,* 83 Minn. 437, 86 N. W. 426. The period of the continuance of plaintiffs' agency in the case at bar was a question for the jury. If there was a contract to procure a purchaser, without any specification of time in which to do so, the plaintiffs would have a reasonable time, and what was a reasonable time would be a question for the jury under all the circumstances.

The correspondence between the plaintiffs and defendant, the letter of December 19th in which the plaintiffs informed the defendant that Mr. Frost would not buy now, seems to us to be fairly capable of the construction no doubt given to it by the jury, namely: that it was for the purpose of giving *Mr. Katz* an opportunity to sell to his prospective Milwaukee purchaser and so not cause him to lose the sale of his farm; but that in case he did not sell the plaintiffs were not to cease their efforts to procure a purchaser, either Mr. Frost or some one else. There being evidence before the jury that after the writing of this letter an employee of the plaintiffs met Mr. Frost and urged him to proceed with the purchase, and that later and on January 2d following Mr. Frost did go up to Wood county and close out the purchase, the jury were justified in inferring therefrom that the plaintiffs did procure a purchaser upon terms satisfactory to the defendant and within a reasonable time. It was therefore entirely proper for the court below to deny the motion for a nonsuit, to deny the motion to direct a verdict, and to charge the jury that:

"To entitle the plaintiffs to recover it must affirmatively appear to the satisfaction of your minds that the purchase by Frost was procured to be made solely by the efforts of the plaintiffs and within the time originally agreed upon, if any limit of time was actually made by the defendant, or within such time as plaintiffs were reasonably justified in believing from defendant's acts and communications with them they were authorized to continue their efforts to obtain a purchaser, if you shall find from the evidence that defendant originally limited the said time to one week, but subsequently by his acts,

conversation, and correspondence, or either of them, gave plaintiffs reasonably to understand that he would accept such purchaser within a reasonable time without regard to the previous limitation thereof to one week, if you find that such limitation of one week was in fact a part of the original agreement of the parties. If there was in fact no express limitation of time agreed upon, then the plaintiffs were entitled to a reasonable time in which to procure a purchaser."

This, upon our construction of the evidence, is the true theory upon which the case should have been submitted to the jury, and it renders the criticisms of the charge of the court below and the assignments of error thereon by the appellant unavailing upon this appeal.

Upon the trial the purchaser, Frost, as a witness was asked what was the effect of the recommendation of one Mr. Bean on Frost's determination as to whether to purchase this farm or not. The witness answered: "Well, I thought if he said not to take it that I wouldn't." This answer was stricken out and exception to that ruling preserved, and it is now assigned as error. Whether or not the plaintiffs' efforts were the procuring cause of the sale to Frost by *Katz* is not proved or disproved by evidence that Frost also sought the counsel of a third person and had resolved not to buy the farm unless this third person also approved of the purchase. The ruling was proper.

Finding no error in the record the judgment of the court below must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.

CASSODAY, C. J., took no part.