KALEY, Respondent, vs. VAN OSTRAND, Appellant.

*January 13—January 28, 1908.*

*Trial: Direction of verdict at close of plaintiff's case: Judgments: Conclusiveness: Contracts: Terms: Construction: Questions for jury: Nature and requisites of contracts: Proposal and assent: Brokers: Evidence.*

1. A motion to direct a verdict at the close of plaintiff's testimony and before defendant rests his case is premature. It is not proper to direct a verdict before both parties rest.

2. A judgment entered upon a directed verdict is ordinarily conclusive upon the parties in a subsequent litigation involving the same questions.

3. A judgment entered upon motion of the defendant after hearing the plaintiff's case and before the defendant has offered any evidence and rested his case is ordinarily not a bar to another action.

4. Where parties disagree in their recollection covering the terms of an oral contract, the terms employed and the construction of such terms is a question for the jury.

5. Aside from the statute of frauds, no express formal stipulation is essential to create a contract. Proposal and assent may take any form. The question always is whether the parties understood and intended a contract based upon a sufficient consideration.

6. In an action by a broker, the evidence, stated in the opinion, is *held* to authorize a conclusion by the jury that the defendant contracted to pay plaintiff a commission in case of the completion of a proposed exchange of lands.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

*Ray J. Haggerty,* for the appellant.

For the respondent the cause was submitted on the brief of *T. M. Holland.*

Among other references cited upon the part of the appellant were the following: *Dells v. Stollenwerk,* 78 Wis. 339, 47 N. W. 431; *Clark v. Slaughter,* 129 Wis. 642, 109 N. W. 556; *Thompson v. Brennan,* 104 Wis. 564, 80 N. W. 947; *Adams v. Snow,* 106 Wis. 152, 81 N. W. 983.

Among other references cited upon the part of the respondent were the following: *Matthews v. Baraboo,* 39 Wis. 674; *Bowman v. Van Kuren,* 29 Wis. 209; *Russell v. Loomis,* 43 Wis. 545; *Gardinier v. Kellogg,* 14 Wis. 605; *Forcy v. Leonard,* 63 Wis. 353, 24 N. W. 78; *Stewart v. Mather,* 32 Wis. 344; *Orton v. Scofield,* 61 Wis. 382, 21 N. W. 261.

TIMLIN, J. This action was begun before a justice of the peace. The defendant appealed from the judgment against him to the circuit court, where the cause was tried upon the oral pleadings presented before the justice, and where the jury rendered a verdict against the defendant for $50, upon which the judgment now appealed from was entered.

The appellant assigns error in denying his motion for the direction of a verdict in his favor at the close of the plaintiff's testimony and before the defendant had rested his case. The motion was properly denied because prematurely made. Appellant's counsel may have been misled by the report of *Adams v. Snow,* 106 Wis. 152, 81 N. W. 983, and *Portance v. Lehigh Val. C. Co.* 101 Wis. 574, 77 N. W. 875. In each of these cases the defendant had offered testimony and rested his case before the motion was made, and the court corrected its statement that a nonsuit was granted by making the proper direction of a verdict. Cases and Briefs, vols. 592, 631. It is not proper to direct a verdict before both parties

rest. The judgment entered upon a directed verdict is ordinarily conclusive upon the parties in a subsequent litigation involving the same questions. A judgment entered upon motion of the defendant after hearing the plaintiff's case and before the defendant has offered any evidence and rested his case is not ordinarily a bar to another action.

The appellant next assigns error because the circuit court overruled his motion to direct a verdict at the close of all the testimony and after both parties rested. This motion is based upon the claim that there was no evidence from which a jury could find a verdict in favor of the plaintiff, giving such evidence the most favorable construction to which it was entitled in order to sustain a verdict. The evidence tended to show that one Kundinger was the owner of an eighty-acre tract of land and the appellant was the owner of a forty-acre tract of land. Kundinger asked the plaintiff to see the defendant and try to make an arrangement to exchange the forty-acre tract for the eighty-acre tract, saying to plaintiff: "If you can make anything out of this, you can have that for your commission." Plaintiff met defendant and proposed the exchange, provided the defendant would pay $50 to boot. Defendant said to plaintiff: "I suppose you get the $50;" and plaintiff answered, "Yes." Defendant answered: "That is right. A fellow shouldn't do business for nothing." Plaintiff took defendant out to show him the eighty-acre tract, and before starting said to him: "This will cost you $50 will be my commission." Defendant seemed to be satisfied with that, for he looked the land over and afterward said to the plaintiff that plaintiff had made or earned $50. The plaintiff paid for the abstract and the horse and vehicle in which he went out with defendant to see the land. When the deeds were made out, the scrivener, Mr. Aschenbrenner, asked whether he would keep the papers until the plaintiff got his money and the plaintiff said: "No; *Van Ostrand* will send me a check. He is all right." It does not appear, how-

ever, that defendant heard this last statement. Defendant testified that the deal was made through the plaintiff—that is, the plaintiff brought Kundinger and himself together on the trade,—but testifies that he understood that plaintiff was to receive $50 from Kundinger and that he understood there was $50 commission for plaintiff in the deal. It is well settled that where the partes disagree in their recollection concerning the terms of an oral contract the terms employed and the construction of such terms is a question for the jury. *Oliver v. Katz,* 131 Wis. 409, 111 N. W. 509. Aside from the statute of frauds, no express formal stipulation is essential to create a contract. Proposal and assent may take any form. The question always is whether the parties understood and intended a contract based upon a sufficient consideration, as in *Gauger v. Pautz,* 45 Wis. 449. We think there was evidence tending to show that defendant agreed with the plaintiff to give his forty-acre tract and $50 in exchange for the eighty-acre tract. He also knew that the $50 which he agreed to give was to go to the plaintiff as his commission. Having this agreement and with this knowledge the plaintiff said to defendant before going to look at the land: "This will cost you $50 will be my commission." The defendant looked the land over and then informed the plaintiff that plaintiff had made $50. A somewhat modified version of this was given on cross-examination, to the effect that the plaintiff told defendant it would cost $50 and defendant answered, "I suppose this is yours, this $50 ;" and then afterward told the plaintiff that plaintiff had made $50. Defendant thereafter made the exchange of land with Kundinger, without, however, paying the latter the $50, and so far as appears without anything further having been said in relation to the payment of the $50. The evidence was quite ample to show that the defendant knew that he was to pay either to the plaintiff, or to Kundinger for the use of plaintiff, $50. There is no evidence that Kundinger released defendant from

such payment. The really close question is whether the jury was warranted in inferring from the relations of the parties with reference to the subject of the exchange and from all that was said and done, including defendant's failure to pay the $50 to Kundinger, that the defendant understood that he was to pay this $50 to the plaintiff. From the evidence above referred to, the jury, we think, was authorized to draw the conclusion which it did.

*By the Court.*—The judgment of the circuit court is affirmed.

BASHFORD, J., took no part.