O'KEEFE, Appellant, vs. STEPHENSON, Respondent.

*March 14—March 31, 1908.*

*Real-estate broker: Commission: Sufficiency of evidence.*

Plaintiff, a real-estate broker employed to procure a customer for the sale of defendant's property for $20,000 or better, produced a customer who offered $19,000. Defendant refused such offer and declared plaintiff's agency at an end. Shortly afterwards defendant sold the property to the same person through an- other broker for $19,000. Prior to plaintiff's employment the property at $19,000 had been brought to the attention of the purchaser by still another broker. *Held*, that the evidence warranted the finding of the trial court that the plaintiff never produced a customer ready and willing to buy at a price satisfactory to defendant.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Tenneys, Hall, Davies & Sanderson,* and oral argument by *F. W. Hall.* The appellant referred to *Oliver v. Katz,* 131 Wis. 409, 111 N. W. 509.

*Wm. R. Bagley,* for the respondent.

Among other references upon the part of the respondent were the following: *Earlywine v. Lindley,* 66 Wis. 494, 29 N. W. 224; *Bruce v. Miller,* 72 Wis. 404, 39 N. W. 554; *Catura v. Kleiner,* 95 Wis. 378, 70 N. W. 479; *Momsen v. Plankinton,* 96 Wis. 166, 71 N. W. 98; *Senour Mfg. Co. v. Clarke,* 96 Wis. 469, 71 N. W. 883; *Sexton v. Goodrich,* 131

Wis. 146, 111 N. W. 206; *Terry v. Reynolds,* 111 Wis. 122, 86 N. W. 557.

TIMLIN, J. This is an action upon contract to recover an agent's commission. The contract pleaded was that the "defendant agreed to pay to the plaintiff the sum of five hundred dollars ($500) if said plaintiff would furnish to said defendant a customer who would purchase said property at a price to be agreed upon between said purchaser and said defendant." Performance is averred in these terms:

"Plaintiff effected various negotiations between said defendant and said Piper Bros., which resulted in a sale of said property to said Piper Bros. for the sum of $19,000, which was the price agreeable to said defendant."

The trial court found that plaintiff never produced a purchaser ready, able, and willing to pay a price that was acceptable to defendant; that prior to the sale of the property to Piper Bros. defendant revoked the plaintiff's authority, and that he did not subsequently agree with plaintiff to accept $19,000 for the property and direct the plaintiff to close the sale at that price; that the efforts of other agents than the plaintiff were the procuring cause of the sale.

The question presented is whether there is evidence to uphold such findings. Plaintiff's evidence, if not controverted, made a *prima facie* case for recovery. But there was evidence to which the trial court might have given credence showing that the defendant was not the sole owner of the real estate in question; that one Rowley, a real-estate agent, first brought the property to the notice of Piper Bros. and received from them an offer of $19,000 therefor, which he communicated to defendant and which the latter then refused. Afterwards the defendant placed the property in the hands of plaintiff for sale at $22,000, reduced this to $21,000, reduced this to $20,000, but never authorized the plaintiff to make a sale or procure a purchaser for less than

$20,000, and that plaintiff was to have the $500 commission only in case he procured a purchaser who would pay this amount. The plaintiff offered the property to Piper Bros. also, and finally brought the defendant and Piper Bros. face to face in an interview, in which the latter refused to raise their offer of $19,000 and the defendant refused to recede from his price of $20,000. There was also testimony that upon this occasion the defendant said to plaintiff: "We will declare this thing off and I will sell it myself." The next day or thereabouts the defendant sold the property to Piper Bros. for $19,000 through one Swenson, to whom he paid a commission of $100.

But it is contended by appellant that there is no contradiction of the plaintiff's testimony relating to what occurred between him and defendant at their last interview, substantially as follows: "This is Saturday, and Piper Bros. are pretty busy. You go and accept this nineteen on Monday from them." It is true the defendant was not examined with reference to this particular conversation, but he did testify that the plaintiff was never authorized to sell the property for $19,000. "The $20,000 talk was the last one. I never offered it for less than $20,000 to any one. The very lowest figure that anybody ever had was $20,000"—and more of these general statements. The court would have been warranted in finding that this testimony related to the terms of defendant made prior to the final closing by Swenson, who seems to have secured the consent of the other joint owner or tenant in common as well as that of defendant to accept $19,000. It is true, as said in *Oliver v. Katz,* 131 Wis. 409, 111 N. W. 509, that where the contract is to procure a purchaser, and the purchaser was procured by the agent but refused to buy the property at the price then asked by the owner, the latter could not later and during the continuance of the. agency sell to the purchaser thus procured at a lower price and thus avoid the payment of commission.

But that statement is limited to a purchaser procured by the agent, while there is a finding here, sustained by evidence, that the plaintiff was not the procuring cause of the sale to Piper Bros. (*Sexton v. Goodrich,* 131 Wis. 146, 111 N. W. 206); and there is also evidence from which the court might infer that, the plaintiff having failed to make a sale for $20,000, the defendant declared off his employment to sell at $20,000 or better and then accepted and closed with an offer he had from Piper Bros. through Rowley, long before the plaintiff's agency commenced. Upon these grounds there is evidence sufficient in our opinion to support the findings of the trial court.

*By the Court.*—The judgment of the circuit court is affirmed.