AUGUST REBHAN COMPANY, Appellant, vs. TAYLOR and another, Respondents.

*April 11—April 29, 1913.*

*Principal and agent: Right to commissions on sale by principal: Insurance.*

1. Defendants, as local agents of the plaintiff to sell insurance at certain rates for a certain commission, secured prospective purchasers of insurance in their territory who were ready to purchase if they could secure a satisfactory rate, but who could not be induced to take the insurance at the rate fixed by plaintiff. Defendants notified plaintiff of that fact, whereupon plaintiff, without defendants' knowledge, reduced the rate and itself sold the insurance to said purchasers. *Held*, that defendants were entitled to their commission on the sale.

2. In such case defendants were properly allowed commissions on the premiums for the whole period of the insurance, notwithstanding the policies were temporarily canceled for the purpose of defeating their claims.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

The plaintiff was the general state agent of the Casualty Insurance Company of North America, and the defendants were the local agents of the plaintiff for the placing of insurance in that company at Grand Rapids and surrounding territory. Prior to December 26, 1907, the Citizens Trust Company of Milwaukee had been the general state agent of the insurance company, and the defendants had been the local agents, but on the day last named the plaintiff became the general agent, and continued the defendants in its employ as local agents. The action is brought to recover an alleged balance due upon account for premiums collected by defendants from December 22, 1909, up to April 9, 1910, upon insurance sold by them as agents of the plaintiff, after deducting twenty per cent. for commission, which is admitted to be the agreed rate of compensation. The balance claimed in the complaint is $2,202.71.

The defendants admit the correctness of the amount so far as it goes, but allege, by way of counterclaim, that they were

the exclusive agents for the plaintiff at Grand Rapids and vicinity up to April 5, 1910, and that in February, 1910, the plaintiff, without defendants' knowledge, placed insurance on the Nekoosa-Edwards Paper Company and the Centralia Pulp & Water Power Company, the same being industries situated within the defendants' territory, on which the premiums amounted to $15,024 and the commissions due to the defendants to $3,102, which commissions have never been paid.

The action was tried before a jury. There is little dispute on the material facts. The contest was over certain transactions in February, 1910, which may be briefly stated as follows:

The Nekoosa-Edwards Paper Company of Port Edwards and the Centralia Pulp & Water Power Company of Centralia, Wisconsin, for some years had carried a large amount of employer's liability and workman's collective insurance in the Casualty Company, which had been placed by the defendants as local agents. These industries were within the territory expected to be served by the defendants' agency. Their policies expired February 1, 1910. Early in January the plaintiff urged the defendants to secure renewals of this insurance at the old rates, and defendants attempted to do so, but failed because the insured parties thought the rates too high, and were offered lower rates by John E. Eldred, Jr., an insurance agent of Milwaukee, who represented the Ocean Accident & Guaranty Corporation. January 31st the defendants wired to the plaintiff that the renewals were lost and that the rates had been cut. On the following day Mr. Alexander, acting for the Nekoosa-Edwards Company, arranged with Mr. Eldred for employer's liability and workman's collective insurance for that company at fifty-four cents and $1.22 respectively, which rates were considerably less than the rates under the former policies in the Casualty

Company. When Mr. Eldred reported the risks to his company it refused to accept the risks, and Eldred then tried to place the insurance elsewhere. He applied to the plaintiff, and the plaintiff, after obtaining authority from the home office of the Casualty Company, issued policies at the last named rates to the Nekoosa-Edwards and Centralia companies without the knowledge of the defendants. These policies were delivered to Mr. Eldred, who in turn delivered them to the insured companies. Eldred received the commissions. These policies were canceled June 22, 1910, and the risks carried in other companies until October 1, 1910, when policies covering the same risks were again issued in the Casualty Company, which ran until October 1, 1911. When the defendants learned of the issuance of the policies of February 1, 1910, they demanded their commissions of the plaintiff, and a controversy was carried on between the parties for some time, until on April 5, 1910, the plaintiff canceled the agency of the defendants, and subsequently this action was brought to settle the rights of the parties.

A single question was submitted to the jury as a special verdict, which, with its answer, is as follows:

"At the time plaintiff and defendants entered into their contract, was there a general custom among writers of casualty insurance that the general agent should not, directly or indirectly, overhead write the local agent? A. Yes."

The trial court allowed the defendants' counterclaim for commissions on the insurance issued by plaintiff without defendants' knowledge for the period from February 1, 1910, to October 1, 1911, amounting to $1,496.54, which being deducted from the plaintiff's claim of $2,202.71, leaves $706.17, for which sum, with interest and costs, judgment was rendered for the plaintiff, and plaintiff appeals.

*Julius E. Roehr,* for the appellant.

For the respondents there was a brief by *Goggins & Brazeau,* and oral argument by *B. R. Goggins.*

WINSLOW, C. J.    The principal contentions of the plaintiff are that there was no exclusive agency shown and no sufficient evidence to establish the custom which the jury found existed.    We do not find it necessary, however, to discuss these questions.    Under simple and well known principles the judgment is right upon the undisputed facts.

The defendants were the agents of the plaintiff corporation to sell insurance at certain rates in this territory for a certain commission.    While acting as such agents they secured prospective purchasers of insurance, who were ready to purchase if they could secure a satisfactory rate.    The defendants were unable, however, to induce the prospective purchasers to take the insurance at the rate fixed by the plaintiff and so notified the plaintiff.    The plaintiff thereupon, while defendants' agency still continued and without the defendants' knowledge, stepped in and reduced the rate, and thereby itself sold the insurance to the said purchasers, through Mr. Eldred, who was in legal effect the agent of the purchasers.    In substance, the principal prevented the agent from effecting the sale and earning his commission by fixing a prohibitive price, and then secretly lowered the price, and by this means accomplished the sale itself, without the agent's knowledge, and while the agency still existed.    That the payment of the agent's commissions cannot be avoided by this means is settled.    *Oliver v. Katz,* 131 Wis. 409, 111 N. W. 509; *O'Keefe v. Stephenson,* 135 Wis. 342, 115 N. W. 805; *Terry v. Bartlett, ante,* p. 208, 139 N. W. 1133.    We think the court was right in allowing commissions to the defendants up to October 1, 1911, notwithstanding the temporary cancellation of the policies from June 22 to October 1, 1910, for it quite plainly appears that this temporary cancellation was principally for the purpose of defeating the defendants' claim for commissions.

*By the Court.*—Judgment affirmed.